**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-26897-CV-MIDDLEBROOKS**

YURISDEL BORGES PANECA,

Petitioner,

v.

WARDEN, GLADES COUNTY
DETENTION CENTER,[1]

Respondent.
_________________________________/

**ORDER**

**THIS MATTER** is before the Court on the *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") filed by Petitioner Yurisdel Borges Paneca ("Petitioner") in the United States District Court for the Middle District of Florida ("Middle District").[1] (DE 1). On September 28, 2026, the Middle District entered an Order transferring the case to this Court because Petitioner's detention history revealed that he was detained in Miami, Florida and, therefore, jurisdiction was proper in the Southern District of Florida. (DE 9). In the Petition, Petitioner challenges his continued prolonged immigration detention by immigration officials. (*Id.* at 6–7.) As relief, Petitioner seeks an Order from the Court requiring immigration officials to release him from custody with or without a bond hearing. (*Id.* at 7.) For the reasons set forth

[1] At the time Petitioner filed this § 2241 Petition he was and remains detained at the Krome Service Processing Center in Miami, Florida, therefore, his immediate custodian is the warden of that facility. Accordingly, the Clerk is directed to substitute Warden, Krome Service Processing Center as the proper Respondent in this case. *See* 28 U.S.C. § 2243 (A writ of habeas corpus must "be directed to the person having custody of the person detained."); *see also Rumsfeld v. Padilla*, 542 U.S. 426 (2004) (finding the immediate custodian and not a supervisory official who exercises legal control over a petitioner is the proper respondent).

below, the Petition (DE 1) is **DISMISSED without prejudice** to refile a new § 2241 petition at a later date.

## I. FACTUAL BACKGROUND

Petitioner is a native and citizen of Cuba who was paroled into the United States on September 2, 2015. (DE 6 at 2 citing (DE 6-1, Ex. A at 2)). On March 23, 2021, following removal proceedings, an Immigration Judge ("IJ") entered a final order of removal directing that Petitioner be removed to Cuba. (*Id.* at 2 citing (DE 6-1, Ex. A 14–15)). Petitioner waived filing an appeal of the IJ Order, therefore, the removal order is now final. (*Id.* citing (DE 6-1, Ex. A at 15)).

After Petitioner was convicted of violating federal law, on or about February 10, 2026, he self-deported to Costa Rica and then attempted to enter the United States on March 6, 2026 at the Miami International Airport. (DE 6 at 2 citing (DE 6-1, Ex. A at 2–4)); *see also* (DE 6-1, Ex. B at 1 ¶ 6). At that time, he was taken into immigration custody as an "arriving alien" and expedited removal proceedings commenced. (DE 6 at 2 citing (DE 6-1, Ex. A at 10, 16–17). On April 6, 2026, an immigration officer entered a final order of removal finding Petitioner removable under Section 235(b)(1) of the Immigration and Nationality Act ("INA"). (DE 6 at 2 citing (DE 6-1, Ex. A at 10)).

On March 11, 2026, prior to entry of the April 2026 final administrative removal order, Petitioner was charged illegal reentry following deportation in *United States v. Paneca*, No. 1:26-MJ-02458-LETT (S.D. Fla. Mar. 11, 2026) (the "2458 Case"). (DE 6 at 2 citing (DE 6-1, Ex. A at 16–17)).

On May 22, 2026, Petitioner refused to sign a notice informing him of the intent by immigration officials to remove him to Mexico. (*Id.* citing (DE 6-1, Ex. A at 11–12)).

On July 21, 2026, immigration officials served Petitioner with a final custody review, which he refused to sign. (*Id.* citing (DE 6-1, Ex. A at 20–21)). At that time, the reviewing officer

recommended that Petitioner remain in immigration custody because Petitioner posed "a public safety risk due to his criminal history" and there was a "significant likelihood of removability in the foreseeable future." (DE 6 at 2 citing (DE 6-1, Ex. A at 20, 30)).

Petitioner has remained in immigration custody since March 6, 2026. (DE 6 at 2). Petitioner's expedited removal order was entered on April 6, 2026. (DE 6 at 2); *see also* (DE 6-2, Ex. B at 2 ¶ 8). On September 8, 2026, less than two months after entry of the final administrative removal order, Petitioner filed the Petition before the Court seeking habeas relief, arguing that his continued prolonged detention is unlawful. (DE 1).

## II. LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus. *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention." *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted). A writ may be issued to a petitioner who demonstrates that he or she is being held in custody in violation of the Constitution or federal law. *See* 28 U.S.C. § 2241(c)(3). The Court's jurisdiction extends to challenges involving immigration-related detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. DISCUSSION

Petitioner claims his prolonged detention is unlawful. (DE 1). Respondents argue that Petitioner is not entitled to immediate release because he is subject to a final removal order and his *Zadvydas* claim is premature. (DE 6 at 3.) I agree.

Where, as here, "a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Att'y Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The Government is required to detain the noncitizen during the 90-day removal period, which begins when the removal order becomes

administratively final. *Id.* Further, detention during the removal period is mandatory. 8 U.S.C. § 1231(a)(2)(A).

In *Zadvydas*, the Supreme Court held that indefinite detention of noncitizens after an order of removal is final raises serious constitutional concerns. *Zadvydas*, 533 U.S. at 590–99. Further, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 700-01. The reasonableness of the detention is to be measured "primarily in terms of the statute's basic purpose, namely, assuring the [noncitizen's] presence at the moment of removal." *Id.* at 698. The Supreme Court further held that a removable noncitizen awaiting deportation may only be detained for a presumptively reasonable period of time—six months—unless it can be shown that there is a "significant likelihood of removal in the reasonably foreseeable future." *Id.* at 698–701.

Thus, to state a *Zadvydas* claim, a petitioner not only must demonstrate post-removal order detention in excess of six months but also must provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002) (quoting *Zadvydas*, 533 U.S. at 701). "Although not expressly stated, the Supreme Court appears to view the six-month period to include the 90–day removal period plus 90 days thereafter." *Akinwale*, 287 F.3d at 1052. "This six-month period thus must have expired at the time [petitioner] § 2241 was filed in order to state a claim under *Zadvydas*." *Akinwale*, 287 F.3d at 1052. Once this showing is made, the Government must respond with evidence sufficient to rebut that showing. *Zadvydas*, 533 U.S. at 701. *Zadvydas* claims raised prior to the presumptively reasonable six-month period are deemed unripe and subject to dismissal without prejudice. *See Akinwale*, 287 F.3d at 1052.

Petitioner's removal order became final in April 2026. *See* 8 U.S.C. § 1231(a). (DE 6.) Petitioner has remained in immigration custody since he was taken into custody on March 6, 2026. (*Id.* at 2.) On September 8, 2026, less than six months after his administrative final order of removal was entered, Petitioner filed the Petition presently before the Court seeking habeas relief, arguing that his continued prolonged detention is unlawful. (DE 1). Respondent argues correctly that, because Petitioner was inside the six-month presumptive reasonable removal period at the time he filed the Petition, his continued detention is presumptively reasonable. (DE 6 at 2–5.) Thus, Petitioner's continued detention falls short of the time required to receive the benefit of *Zadvydas*. The *Zadvydas* period ***must*** have expired **at the time** he filed the Petition, and not at the time a habeas petition is ruled on by the Court. *See Akinwale*, 287 F.3d at 1051. Thus, any substantive due process claim is not ripe for review and shall be dismissed without prejudice.[2]

Following dismissal of this Petition, if detention continues, Petitioner may file a new § 2241 petition on or after **<u>October 7, 2026</u>** (six months after entry of the April 2026 final administrative removal order) seeking relief under *Zadvydas*; but to succeed on the claim, he must demonstrate that his continued detention exceeds six (6) months and that there is no significant likelihood of removal in the reasonably foreseeable future.[3] *See Akinwale*, 287 F.3d at 1050.

---

[2] Because the *Zadvydas* claim is not ripe, the Court need not determine whether there is a significant likelihood of removal in the reasonably foreseeable future.

[3] Even if his extended confinement were unlawful, I find Petitioner has not met his burden of demonstrating that he deserves the relief requested—immediate release from custody with or without a bond hearing. The exercise of my discretionary authority necessarily requires consideration of all the facts and circumstances surrounding Petitioner's detention by immigration officials. Petitioner was previously paroled into the United States but failed to remain at liberty without violating the law, having been convicted on multiple occasions for violations of Florida criminal statutes. Although I have the power to grant the Petition in part, I am "not bound in every case to exercise such a power." *Ex Parte Royall*, 6 S.Ct. 734, 740 (1886) (affirming that a federal habeas corpus court has the power to discharge a pretrial detainee but was not bound to do so in every case). Here, Petitioner has demonstrated an inability to remain at liberty without violating

## IV. CONCLUSION

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (DE 1) is **DISMISSED WITHOUT PREJUDICE** as premature and alternatively **DENIED**. If Petitioner is not removed or the likelihood of his removal in the reasonably foreseeable future changes, he may file a new habeas corpus petition.

2. All pending motions not otherwise ruled upon are **DENIED as moot.**

3. The Clerk of Court **SHALL** close this case.

**SIGNED** in Chambers in West Palm Beach, Florida, this 2nd day of October, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Yurisdel Borges Paneca, *Pro Se***
Alien #208464262
Krome Service Processing Center
Inmate Mail/Parcels
18201 SW 12th Street
Miami, FL 33194

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov

**United States Immigration & Naturalization Services Attorney**
Noticing INS Attorney
Email: usafls-immigration@usdoj.gov

---

the law. Thus, equitable principles also dictate that I deny the Petition. *See Withrow v. Williams*, 507 U.S. 680, 716–19 (1993).

**Sean P. Keefe, AUSA**
U.S. Attorney's Office
400 N. Tampa Street, Suite 3200
Tampa, FL 33602
Email: Sean.Keefe@usdoj.gov